IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2024

**STATE OF TENNESSEE v. CAMDEN A. MILLER**

**Appeal from the Circuit Court for Montgomery County**
**No. CC20-CR-362    William R. Goodman, III, Judge**

_____

**No. M2023-01067-CCA-R3-CD**

_____

The Defendant, Camden A. Miller, pled guilty to two counts of aggravated sexual battery of a victim under the age of thirteen and was sentenced to serve an effective sentence of twenty years. Thereafter, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to have his aggregate sentence declared illegal because it contravenes his status as a Range I, standard offender. The trial court summarily dismissed the motion, and the Defendant appealed to this court. Upon our review, we respectfully affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Camden A. Miller, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; and Robert J. Nash, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On September 20, 2021, the Defendant pled guilty to two counts of aggravated sexual battery involving a victim under the age of thirteen. Tenn. Code Ann. § 39-13-504(a)(4). The trial court sentenced the Defendant to serve ten years for each conviction,

and it aligned the sentences consecutively for a total effective sentence of twenty years.[1] The judgments also ordered that the Defendant serve 100% of the sentences pursuant to Tennessee Code Annotated section 40-35-501(i).

On March 30, 2023, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant asserted that his aggregate sentence was illegal because it was "'outside' his legal range of punishment as a Range I, Standard Offender." He clarified that he was challenging only his erroneous sentence and "not the judgment, conviction, or in this instance, the plea."

On April 28, 2023, the trial court summarily dismissed the motion, though it made no specific findings or conclusions. The Defendant filed an untimely notice of appeal on July 26, 2023. In his notice of appeal, the Defendant acknowledged the untimely notice, requested a waiver of the timely-filing requirement, and asserted that he did not receive a copy of the trial court's order until July 6, 2023.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The sole issue in this case is whether the trial court correctly found that the Defendant failed to state a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.[2] This question is one of law that we review de novo on appeal. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *8

---

[1] The record does not contain the original plea agreement or show whether the sentences were imposed pursuant to a plea agreement or by the trial court following a sentencing hearing. However, the trial court clerk's recitation of the case history indicates that the Defendant entered an open plea, and and the State does not dispute this fact.

[2] In his notice of appeal, the Defendant identified that he was appealing the trial court's order "denying his Motions to proceed in forma pauperis, Motion to Amend and/or Correct Sentence, Motion to [Recuse] Judge and Motion for a Scheduling Order with Appointment of Counsel tendered on April 28, 2023." However, in his brief, the Defendant argues only that the trial court erred in summarily dismissing his motion to correct an illegal sentence. As such, we limit our opinion here to the single issue raised and argued by the Defendant. *See, e.g.*, *State v. Molthan*, No. M2021-01108-CCA-R3-CD, 2022 WL 17245128, at *2 (Tenn. Crim. App. Nov. 28, 2022) ("The Defendant does not make any argument in support of this issue in his brief, and he does not cite to any authorities or appropriate references in the record. Because of the inadequacy of the Defendant's brief, we must conclude that the Defendant has waived appellate consideration of this issue."), *no perm. app. filed*.

(Tenn. Crim. App. Sept. 12, 2023) ("Whether a sentence is illegal is a question of law that we review de novo."), *no perm. app. filed*.

## ANALYSIS

### A.    UNTIMELY NOTICE OF APPEAL

As an initial matter, we must address the timeliness of the Defendant's appeal. "It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed within 30 days after the date of entry of the judgment appealed from." *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022) (citation and internal quotation marks omitted), *no perm. app. filed*. In this case, the order dismissing the Defendant's motion was entered on April 28, 2023, when it was filed with the court clerk. As such, the Defendant had thirty days, or until May 28, 2023, to file a notice of appeal. Tenn. R. App. P. 4(a). Thus, the Defendant's notice of appeal, which was not filed until nearly two months after that deadline passed, was untimely.

"An untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024). That said, the Rules of Appellate Procedure provide that the requirement of a timely-filed notice of appeal "may be waived in the interest of justice." Tenn. R. App. P. 4(a). When considering whether a waiver on an untimely notice of appeal is appropriate, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). The appealing party "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

In this case, the length of the delay in filing a notice of appeal, some fifty-nine days, weighs against granting a waiver. However, the Defendant asserts that his delay was attributable to circumstances beyond his control, *i.e.*, that he did not receive a copy of the order dismissing his motion until well after the time for filing a notice of appeal. The pro se Defendant also filed his notice within twenty days of when he claims to have received the order, and he submitted proof that, if credited, would support his claim. We have previously found that this circumstance weighs in favor of waiving the requirement of a timely notice of appeal. *See, e.g.*, *State v. Bennington*, No. E2021-01163-CCA-R3-CD, 2022 WL 2966264, at *2 (Tenn. Crim. App. July 27, 2022), *perm. app. denied* (Tenn. Dec. 14, 2022).

3

Moreover, the Defendant acknowledged the issue regarding the untimely filing in his notice of appeal and his principal brief, and he affirmatively requested a waiver of the timely filing requirement. He responded to the State's motion to dismiss and filed a reply brief again raising the issue. As such, this is not a case in which the Defendant has disregarded the issue, failed to request a waiver, or ignored arguments advanced by the State. *Cf. Manning*, 2023 WL 7439203, at *5. Under these circumstances, we exercise our discretion to address the Defendant's issue on its merits.

## B.     TENNESSEE RULE OF CRIMINAL PROCEDURE 36.1

The Defendant argues that his aggregate sentence of twenty years to be served at 100% release eligibility is an illegal sentence. Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

Our supreme court has observed that "few sentencing errors render sentences illegal." *Wooden*, 478 S.W.3d at 595. Sentencing errors may be classified as clerical, appealable, or fatal errors, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). These fatal errors may include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Wooden*, 478 S.W.3d at 595. On the other hand, "attacks on the correctness of the methodology by which a trial court imposed sentence" amount to appealable errors only and do not render a sentence illegal. *Id.*

In this case, the Defendant was originally convicted of two counts of aggravated sexual battery involving a victim of less than thirteen years of age. The trial court imposed a sentence in each count of ten years, and it recognized that each sentence would be served at 100% of the sentence imposed.

Aggravated sexual battery is a Class B felony offense, and the range of sentence is between eight and twelve years for a Range I, standard offender. Tenn. Code Ann. §§ 39-13-504(b); 40-35-112(a)(2). Although a Range I sentence is typically subject to 30% release eligibility, Tenn. Code Ann. § 40-35-501(c), a sentence for aggravated sexual battery must be served at 100% of the sentence imposed, Tenn. Code Ann. § 40-35-501(i)(2)(H). We conclude that because the applicable sentencing statutes authorize each of the Defendant's individual sentences, the sentences are not illegal.

4

The Defendant first takes issue with the aggregate term of twenty years resulting from the trial court's decision to impose consecutive sentences. However, a claim that the trial court improperly imposed consecutive sentences challenges the method by which the court imposed those sentences. As such, while this claim could be addressed on direct appeal, any error would not render the sentences illegal. *See, e.g.*, *State v. Howard*, No. M2019-01900-CCA-R3-CO, 2020 WL 3408794, at *2 (Tenn. Crim. App. June 22, 2020) ("The finding concerning the imposition of consecutive or concurrent sentences is appealable by either party. Therefore, any error by the trial court in the imposition of discretionary consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b) would be an appealable error, not a fatal error.") (citation and internal quotation marks omitted), *no perm. app. filed*. The Defendant is not entitled to relief on this ground.

The Defendant also asserts that the order requiring him to serve 100% of the sentence imposed contravenes his status as a Range I, standard offender. However, he overlooks that a person convicted of aggravated sexual battery "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(H). As such, the trial court's order eliminating the release eligibility is authorized—indeed, required—by a specific statute and is thus not illegal. *See, e.g.*, *State v. Evans*, No. M2021-00963-CCA-R3-CD, 2022 WL 663082, at *2 (Tenn. Crim. App. Mar. 7, 2022) ("Convictions for rape of a child and aggravated sexual battery require 100% of the sentence imposed to be served. Thus, the trial court's imposition of 100% service for the petitioner's sentences for his convictions for rape of a child and aggravated sexual battery were authorized by the applicable statutory scheme. As a result, the petitioner cannot demonstrate a fatal error which would render his sentences illegal." (citations omitted)), *no perm. app. filed*. As such, the Defendant is not entitled to relief on this ground.

## CONCLUSION

In summary, we hold that the Defendant's effective twenty-year sentence for two convictions of aggravated sexual battery is not illegal. The sentencing statutes specifically authorize the length of the individual sentences and provide that the sentences be served without release eligibility. We respectfully affirm the judgment of the trial court denying the Defendant's motion for relief under Tennessee Rule of Criminal Procedure 36.1.

_____
TOM GREENHOLTZ, JUDGE

5